ED WHITE v. THE STATE.

No. 4650.  Decided June 5, 1918.

Petty Theft—Insufficiency of the Evidence.

    Where, upon trial of petty theft, the testimony was purely circumstantial and not sufficient to overcome the presumption of innocence, etc., the conviction could not be sustained.

    Appeal from the County Court of Ellis.  Tried below before the Hon. W. M. Tidwell.

    Appeal from a conviction of theft under the value of fifty dollars; penalty, a fine of twenty-five dollars and one day confinement in the county jail.

    The opinion states the case.

    *E. P. Anderson* and *T. J. Ball*, for appellant.

    *E. B. Hendricks*, Assistant Attorney General, for the State.

    MORROW, JUDGE.—Appellant was convicted of misdemeanor theft and his punishment assessed at a fine of $25 and imprisonment in the county jail for one day.

    It is claimed that he stole a lawn mower, the property of A. Clark, from the possession of Sam Hardin, special owner.  Clark, some time in the spring of 1916, left a lawn mower with Hardin for the purpose of repair.  Hardin repaired it and placed it outside of the door of his shop.  He noticed about a week later that the machine had been removed, he assumed, by Clark, until some ten days thereafter when Clark called for it, and claimed that he had not gotten it.  Some time thereafter Hardin, at Clark's suggestion, examined a lawn mower at McCoy's shop, which mower had a tag attached to it upon which appellant's name was written, but which he could not identify as Clark's machine, though he took it to be his because it was the same make of machine and the handle had some paint on it of the same character as that which was on the machine which he repaired for Clark.  Later Clark brought and exhibited to him a lawn mower which Clark claimed he had gotten from appellant and which was an entirely different one from the one he had missed from his shop.  McCoy testified that in April, 1916, appellant brought a lawn mower to his shop to be sharpened, and while it was there Clark saw it and claimed it as having been taken from Hardin's shop; that there was paint on the handle that appeared to have been placed there and afterwards smeared.  The mower remained in his shop for more than a month when appellant came and paid the charges on it and took it away.  Subsequently appellant and his attorney exhibited to witness a lawn mower which was a different one from that which he repaired.  Clark claimed that in April, 1916, he owned a good ball-bearing lawn mower; that it had been used one season; that he left it at Hardin's shop for repairs, and later called for it and found.

it missing. That he later saw it at McCoy's shop bearing a tag on which appellant's name was written. He said: "I examined the lawn mower and knew it was mine. One means of identification was it was a ball-bearing machine like mine that I had gotten from the Howell Hardware Company and their name was on the mower. Another was that I had attempted to paint my initials on the machine and that was also on the handle of the machine." He saw appellant one or two weeks later and told him that the machine at McCoy's shop had been stolen from Hardin's shop and belonged to the witness Clark. Appellant said that he had traded for it and would bring it back, and some time afterwards brought a lawn mower to the witness Clark's house and left it; that he noticed on the handle of the machine paint, and thought it was his, but after he examined it he found it was his handle but not his machine; that his was a ball-bearing machine with five blades and the one left was a cheap machine with four blades; that he had Hardin examine the machine left at his house.

Appellant testified and claimed that in 1914 he had bought from the hardware company a lawn mower, paying $15 therefor, and that it had the name of Howell Hardware Company on it; that he used it in mowing yards and broke it, and bought another mower from Mr. Will Moore and traded that one to Will Sanders for another mower, and after doing so took the handle off of the machine he bought from Howell Hardware Company and placed it on the one he had traded with Sanders for. That this mower was taken by him to McCoy's shop for repairs, and some time later he paid for the repairs. In the meantime while the mower was at McCoy's shop Anderson Clark told appellant that the mower belonged to him, Clark, and when appellant took it out of the shop he was going to the country to work, and he left the mower with Clark so that he might use it. Will Moore testified that he had sold appellant in 1915 a second-hand lawn mower, and Henry Richie, a clerk of the Howell Hardware Company, testified that appellant had bought from the hardware company a $15 lawn mower in 1914, having upon the handle a metal plate with the firm name upon it. That it was brought back by appellant for repairs, and that it could not be repaired.

The testimony is purely circumstantial, and we think not sufficient to overcome the presumption of innocence, nor to exclude other reasonable hypotheses arising from the evidence consistent with innocence and inconsistent with guilt. There was proof introduced that appellant had been previously convicted of a felony, which testimony is not shown to have been admissible except as bearing upon his credibility, but which was not limited to that question, and which, it is possible, was more persuasive to the jury in bringing about the conviction than was the certainty of his guilt arising from the evidence. The testimony of both Moore and Richie, who appeared to be white men, while Clark and appellant are negroes, is consistent with the theory of appellant as defined in his testimony, and with his claim that he had traded for the machine when he was accused by Clark of stealing it. The evidence is not cogent

that he was ever in possession of the lawn mower which Clark claims to have lost. He lost a ball-bearing machine. Appellant was never found in possession of it, unless it was the mowing machine which was left at McCoy's shop for repairs. This machine had a handle attached to it which had been taken from a ball-bearing machine bought from the Howell Hardware Company, and by this handle it appears Clark at least in part identified it when he saw it at McCoy's shop. Appellant's claim that he had owned a machine bought from the Howell Hardware Company having a handle of that kind, and that he had subsequently broken his machine and attached the handle to one that he had gotten from Sanders in exchange for the one that he had bought from Moore, was corroborated and reasonably supported by the evidence and consistent with his innocence. The court did not submit the case upon the law of circumstantial evidence, and there is no sufficient complaint of its failure to do so, but in passing upon its sufficiency to prove his guilt the rules of law touching circumstantial evidence are to be applied, and tested by them the evidence, in our opinion, is not sufficient to sustain the verdict, for which reason the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*